UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MILES,<br><br>              Plaintiff,<br><br>   v.<br><br>MATTHEW CATE, et al.,<br><br>              Defendants.<br>_____/ | CASE NO.   1:10-cv-02055-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 8)<br><br>AMENDED COMPLAINT DUE OCTOBER 10, 2011 |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On November 5, 2010, Plaintiff Anthony Miles, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7).

Plaintiff submitted a First Amended Complaint on April 14, 2011, before the original complaint was screened.  (ECF. No. 8).  Because Plaintiff has the right to amend his complaint once without leave of Court, the Court will consider the First Amended Complaint

as the operative pleading in this case. See Fed. R. Civ. P. 15(a). It is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### III.   PLAINTIFF'S CLAIMS

The First Amended Complaint names the following defendants: Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation (CDCR); James Yates, Warden of Pleasant Valley State Prison (PVSP); Felix Igbinosa, Chief Medical Officer, PVSP; Maria Koziol, Nurse Practitioner, PVSP; and Chris Yun, Supervisor of Pharmacy, PVSP. (Compl. at 1).

Plaintiff alleges the following:

On January 15, 2009, Plaintiff was transferred from Pelican Bay State Prison to PVSP. By the Spring of 2009, Plaintiff became aware that PVSP was "hyperendemic" for Valley Fever. (Id. at 4, 5). On October 21, 2009, Plaintiff discovered he had contracted Valley Fever. (Id. at 7). Plaintiff's Valley Fever progressed and in June 2010 his medication was modified in response. In August 2010, Plaintiff suffered multiple complications, was admitted to the hospital, and returned to PVSP "perminently [sic] subjected to a walking cane", with new medication, and "suffering from respiratory complications." (Id. at 7, 8). On October 18, 2009 Plaintiff requested transfer to a facility

3

not endemic with Valley Fever; his request was denied. (Id. at 16).

Plaintiff submitted several health care requests in November 2009 because of excessive weight loss and other symptoms. (Id. at 8, 9). Plaintiff acknowledges that on February 22, 2010, he received adequate medical care. (Id. at 12). However, during the interim from November 11, 2009 to February 22, 2010, Plaintiff filed numerous medical requests complaining that his care was unacceptably delayed or inadequate. (Id. at 8-12). He complains, for example, that Defendant Kozoil did not bring Plaintiff's file to a December 9, 2009 appointment, leaving her unable to administer pain medication (Id. at 9, 10); Defendant Igbinosa did not respond to Plaintiff's repeated appeals (Id. at 10, 11); and Defendant Chris Yun failed to fill Plaintiff's medications in January 2010. (Id. at 16).

The First Amended Complaint lists in three counts the grounds for the alleged Eighth Amendment violations. In Count One, Plaintiff alleges that Defendants Cate, Yates, and Igbinosa are responsible for the PVSP conditions which caused an excessive risk to Plaintiff's health. (Id. at 17). In Count Two, Plaintiff alleges that Defendants Cate, Yates, and Igbinosa were aware of the hazardous conditions at PVSP and did not take steps to mitigate the exposure to Valley Fever. (Id. at 18). In Count Three, Plaintiff alleges that Defendants Koziol and Yun did not provide adequate medical care and that Defendant Igbinosa did not respond to Plaintiff's administrative appeals. (Id.) Counts Four through Eight allege liability based on state law claims. (Id. at 18-22).

A.   **Eighth Amendment**

Plaintiff alleges the Defendants violated his Eighth Amendment rights by exposing him to an area endemic with Valley Fever without safeguards against infection and by failing to provide him timely and adequate medical care.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

        1.    Conditions of Confinement

Plaintiff alleges that Defendants Cate, Yates, and Igbinosa were aware that PVSP was endemic to the contraction of Valley Fever and did nothing to reduce the risk. Also, Plaintiff alleges that the Defendants refused Plaintiff's request for transfer.

The courts of this district have found such claims to be insufficient. Claims based on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious. "'[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was

5

confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health.'" Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)).

Plaintiff's claim that the Defendants are liable because they were aware of the risk and did not act to mitigate the likelihood of infection does not state an actionable claim.. Defendants are not alleged to be responsible for the prevalence of Valley Fever at PVSP. Exposure to the disease at PVSP is not in and of itself an excessive risk to inmate health; Defendants had no duty to take steps to reduce the risk. Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP"). Thus, Counts One and Two fail to state a claim upon which relief could be granted.

Plaintiff could successfully amend only by alleging truthful facts that demonstrate that a named Defendant somehow wrongfully acted or failed to act in a way that actually and knowingly increased the risk to Plaintiff. Given existing law and the natural occurrence of Valley Fever spores, it is not realistic to believe that Plaintiff can so allege. Nevertheless, the Court will grant Plaintiff a single and final opportunity to amend his claim in accordance with the legal standards discussed above.

### 2. Inadequate Medical Care

Plaintiff alleges that Defendants Igbinosa, Koziol, and Yun failed to provide adequate medical care. "[T]o maintain an Eighth Amendment claim based on prison

6

medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff alleges that, beginning on November 11, 2009, he "had been experiencing abdominal and stomach pain, peeling skin, weight deterioration, and diarreha [sic] (with spots of blood in stool)."  (Compl. at 9).  Clearly such a condition presented a serious medical need, thereby satisfying the first prong of the inadequate medical care standard. McGuckin, 947 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

With respect to the second prong - deliberate indifference to Plaintiff's serious medical need - Plaintiff alleges that Defendants Koziol exhibited deliberate indifference by failing to come to an appointment prepared, which left her unable to prescribe pain medication.  (Compl. at 9, 10).  Plaintiff alleges that Defendant Yun failed to fill a prescription and that Defendant Igbinosa failed to respond to Plaintiff's appeals.

In all three instances, Plaintiff has failed to provide facts sufficient to elevate Defendants' alleged conduct to deliberate indifference rather than negligence or mere indifference. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The Court will give Plaintiff leave to amend his complaint with regard to the alleged inadequate medical care. In order to state a claim for a violation of the Eighth Amendment based on inadequate medical care, Plaintiff needs to set forth sufficient facts showing (1) a serious medical need and (2) a deliberately indifferent response to that need on the part of each named Defendant. The fact that Plaintiff disagreed with the care he was provided is not sufficient to show a constitutional violation. Estelle, 429 U.S. at 106. Plaintiff should include specific truthful allegations setting forth the action (or inaction) taken by each particular Defendant with respect to his medical care.

B.    **State Law Claims**

Plaintiff alleges violations of multiple California Code Sections against Defendants. The Court does not reach the viability of Plaintiff's state law tort claims at this time because it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Moreover, if Plaintiff chooses to pursue his state law claims in his amended complaint, he must demonstrate compliance with the California Tort Claims Act. Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974). Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004). Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of Plaintiff's state law claims. Id.

## IV.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555

(2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux, 375 F.2d at 57.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint filed April 14, 2011;

2.     Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

      3.      Plaintiff shall file a second amended complaint by October 10, 2011; and

      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   August 31, 2011          /s/ *Michael J. Seng*
ci4d6                                  UNITED STATES MAGISTRATE JUDGE