UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY MILES, | | CASE NO. 1:10-cv-02055-MJS (PC) |
| | Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | | (ECF No. 25) |
| MATTHEW CATE, et al., | | |
| | Defendants. | |
| _____/ | | |

  Plaintiff Anthony Miles ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7 & 40.)

  Plaintiff began this action by filing a Complaint on November 5, 2010. (ECF No. 1.) Prior to the Court screening Plaintiff's Complaint, Plaintiff filed a First Amended Complaint. (ECF No. 8.) On September 1, 2011, the Court issued an order dismissing Plaintiff's First Amended Complaint with leave to amend. (ECF No. 9.) Plaintiff filed a Second Amended Complaint on October 14, 2011. (Am. Comp., ECF No. 12.) On December 29, 2011, the Court screened Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(A)(a), and found that it stated a cognizable Eighth Amendment conditions of confinement claim against Defendants Cates, Yates, and Igbinosa for failing to ensure measures were taken to mitigate the known increased risk of contracting Valley Fever at Pleasant Valley State

Prison. (ECF No. 14.)

On June 4, 2012, Defendants Cates, Yates, and Igbinosa filed a motion to dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). (Defs.' Mot., ECF No. 25.) Plaintiff filed an opposition on June 26, 2012. (Pl.'s Opp'n, ECF No. 29.) Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court notified Plaintiff of his rights and the requirements for opposing the motion and gave him an opportunity to file a supplemental opposition. (ECF No. 35.) In response, Plaintiff informed the Court that he did not wish to supplement his opposition. (ECF No. 36.) Defendants filed a reply on August 15, 2012. (Defs.' Reply, ECF No. 38.)

Defendants' motion to dismiss is now ready for ruling pursuant to Local Rule 230(l).

## I.   **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first

formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II. ANALYSIS

### A. Plaintiff's Claims

The essential allegations of Plaintiff's Second Amended Complaint are summarized as follows:

Plaintiff's Second Amended Complaint relates to the presence of Valley Fever at Pleasant Valley State Prison ("PVSP") where Plaintiff has been housed since 2009. (Am. Compl. at 4.) Valley Fever is a fungal disease that lives in the soil and can be released into the air and inhaled, causing infection, when the soil is disturbed. (Id.) The disease is

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

1  treatable, but can be deadly, and PVSP has a high rate of infection. (Id. at 7.) There are
2  steps that can be taken to prevent infection, and these were publicized to PVSP officials
3  via a memorandum issued by Dwight Winslow, the California Department of Corrections
4  and Rehabilitation's ("CDCR's") medical director. (Id. at 9.) PVSP failed to properly protect
5  against the risk of Valley Fever infection. (Id. at 10.) Defendants Cate, Yates, and
6  Igbinosa were aware of the Winslow memorandum, witnessed the conditions at PVSP, but
7  failed to take steps to mitigate the risk of Valley Fever infection. (Id. at 13.)

8  Defendant Igbinosa implemented a policy whereby only prisoners with serious
9  medical conditions could receive a mask. (Am. Compl. at 14.) This policy contravened the
10 Winslow memorandum, which ordered that every prisoner be provided with a mask upon
11 request. (Id.) Under Defendant Igbinosa's policy, Plaintiff was denied a mask. (Id.)

12 On October 21, 2009, Plaintiff was diagnosed with Valley Fever. (Am. Compl. at 15-
13 16.)

14 Plaintiff's action proceeds on his claim that Defendants Cates, Yates, and Igbinosa
15 violated his Eighth Amendment rights. (ECF No. 14 at 11.) Plaintiff has alleged that
16 Defendants Cates and Yates failed to take measures to mitigate the known increased risk
17 of contracting Valley Fever at PVSP even though they knew of the Winslow memorandum
18 and the ongoing construction at PVSP. (Id. at 7.) Plaintiff has alleged that Defendant
19 Igbinosa was aware of the Winslow memorandum and its directive to provide all PVSP
20 prisoners with masks upon request, but Defendant Igbinsoa failed to follow this
21 recommendation and instead only provided masks to prisoners with underlying serious
22 medical conditions. (Id. at 8.)

23 **B.    Defendants' Motion**

24 Defendants move for dismissal pursuant to 42 U.S.C. § 1997e(a). Defendants
25 argue that Plaintiff's Second Amended Complaint should be dismissed because Plaintiff
26 failed to file any grievances pertaining to the claims in this action and therefore failed to
27 exhaust his administrative remedies as required by the PLRA.

28 Defendants are correct.

Plaintiff was transferred to PVSP on January 15, 2009 and filed this action on November 5, 2010. (Defs.' Mem. P. & A., ECF No. 25-1, at 4.)  To have properly exhausted his claims, Plaintiff must have submitted, sometime after January 15, 2009, an inmate appeal regarding the claims which give rise to this action and obtained a third level decision before November 5, 2010. (Id.) During this time period, Plaintiff submitted three inmate health care appeals to the third level: (1) PVSP-27-29-15876; (2) PVSP-27-10-10943; and (3) PVSP-27-09-16352. (Zamora Decl., ECF No. 25-3, at ¶ 5.) Defendants summarize the grievances as follows:

1. Grievance PVSP-27-09-15876 reflected Plaintiff's request to be transferred to another institution due to the hazardous conditions at PVSP and the possibility that Plaintiff could contract Valley Fever as a result of those conditions. (Zamora Decl. at Ex. 2.)

2. Grievance PVSP-27-10-10943 complained about PVSP's medical staff's failure to provide Plaintiff Valley Fever medications. (Zamora Decl. at Ex. 3.) Plaintiff names Defendant Igbinosa in this appeal. (Id.)

3. Grievance PVSP-27-09-16352 again complained that Plaintiff was not receiving the treatment he requested and needed. (Zamora Decl. at Ex. 4.) This appeal was partially granted and Plaintiff was given the treatment he requested, but at the second level of review, Plaintiff complained that he had not yet been transferred away from PVSP. (Id.)

### C. Plaintiff's Opposition

Plaintiff has countered Defendants' history of his appeal numbered PVSP-27-09-15876, but does not dispute Defendants' allegations of the other two above-listed grievances.

Plaintiff argues that appeal PVSP-27-09-15876 covers his claims for exhaustion purposes. He alleges that he filled a supplemental attachment to this appeal, but Defendants failed to include it with their motion. (Pl.'s Opp'n at 4.) Plaintiff includes the sheet in his opposition. (Id. at Ex. C.) In the attachment, Plaintiff discusses the toxic dust

at PVSP, PVSP's staff's failure to inform him about the Valley Fever threat upon his transfer, and case studies finding that certain minorities have a higher risk of contracting the disease. (Id.) Plaintiff also includes a copy of the Director's level decision on this appeal, in which reviewer J. Walker summarizes Plaintiff's appeal as alleging that the "soil surrounding [PVSP]. . . had been disturbed from construction projects in the area, and when deadly toxins are released into the air, respiratory problems occur" and that Plaintiff's requested relief was a transfer to another prison. (Id. at Ex. E.) Plaintiff also alleges that he raised his concerns about PVSP's failure to provide protective masks during an interview held in connection with this appeal. (Miles Decl., ECF No. 33, at ¶ 5.)

Plaintiff argues that appeal PVSP-27-09-15876 and the follow-up interview held in connection with this appeal was sufficient to put prison officials on notice of his concerns for exhaustion purposes.

### D.   Defendants' Reply

Defendants maintain that Plaintiff failed to exhaust his administrative remedies because none of his grievances addressed the claims at issue in his Second Amended Complaint. (Defs.' Reply at 3.) While Plaintiff alleges that during the appeal PVSP-27-09-15876 review process he spoke with a Dr. Park regarding the inability to obtain a mask, nothing in the responses to Plaintiff's grievance or other writings corroborate any such communication. (Id.)

Defendants also allege that Plaintiff misstates the Fed. R. Civ. P. 12(b) standard for dismissal for non-exhaustion insofar as Plaintiff argues that reasonable investigation of the conditions mentioned in his grievance would have led to discovery of the facts alleged in his Second Amended Complaint and thereby satisfied exhaustion requirements. (Defs.' Reply at 4-8.)

### E.   Discussion

Neither of the Eighth Amendment claims on which Plaintiff is currently proceeding appear to have been properly exhausted.

This Court previously found that Plaintiff's pleading raised a cognizable Eighth

Amendment claim against Defendants Cate and Yates for failing to protect Plaintiff from hazardous Valley Fever conditions at PVSP. However, the papers before the Court do not reflect any appeal seeking correction of the allegedly hazardous conditions at PVSP or complaint about Defendants failing to protect Plaintiff from those hazardous conditions. Appeal PVSP-27-09-15876 mentions Plaintiff's concerns regarding the dust, but requests as relief only transfer to another prison. (Zamora Decl. at Ex. 2; Opp'n at Ex. C). There is no request for PVSP to take protective measures regarding the dust itself. Considering Plaintiff's appeal as a whole and as broadly as reasonable, it can not be said to adequately describe his concern and the remedy he sought in the same way as is now asserted in his Second Amended complaint.. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance is only sufficient if "it alerts the prison to the nature of the wrong for which redress is sought"). It can not be said that Plaintiff's appeal, which merely sought transfer, adequately informed the prison that Plaintiff was seeking protection from the hazardous conditions at PVSP. It cannot be said that his appeal alerted the prison to the nature of the wrong and gave it an opportunity to correct or respond to that wrong. It cannot be said that Plaintiff's request for transfer exhausted all administrative remedies on his Eighth Amendment claim that Defendants failed to protect him from Valley Fever. The record before the Court is consistent with Defendants' claim that this precise claim was not pursued through all levels of appeal. Until the claim is so pursued and Defendants' given an opportunity to respond to it, it cannot be said to have been exhausted.

The same is true as to Plaintiff's Eighth Amendment failure to protect claim against Defendant Igbinosa. Plaintiff alleges that Defendant Igbinosa failed to provide him with a mask when Plaintiff asked for one. Plaintiff alleges that he raised this issue with a reviewer of his appeal PVSP-27-09-15876, but, as Defendants point out, nothing in the appeal itself or any response to it indicates that a request for a mask was ever made. Plaintiff took two other health care appeals to the third level, PVSP-27-10-10943 and PVSP-27-09-16352, but, according to Defendants, neither raised any issue about Plaintiff's inability to obtain a mask. Absent evidence that Plaintiff's mask request was properly appealed, it cannot

be said that Plaintiff exhausted his administrative remedies and gave Defendant Igbinosa the opportunity to respond to such a claim.

Nothing filed by Plaintiff creates any real question as to the accuracy of Defendants' history of his administrative appeals. Defendants have satisfied their burden of demonstrating that Plaintiff failed to exhaust administrative remedies. The Court thus orders that Defendants' motion to dismiss be granted in its entirety and this action be dismissed without prejudice.

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that Defendants' Moon's Motion to Dismiss (ECF No. 25) be granted and that this action be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:    December 28, 2012          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE